# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14cv203

| | |
|---|---|
| SARA NAKITA RUSSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for supplemental security income. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 11 & # 15]. The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 15], **GRANT** Plaintiff's Motion for Summary Judgment [# 11], and **REMAND** this case for further proceedings consistent with this Memorandum and Recommendation.

## I. Procedural History

Plaintiff filed an application for supplemental security income on March 31,

2011. (Transcript of Administrative Record ("T.") 68.) The Social Security Administration denied Plaintiff's claim. (T. 71-3.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 77-8.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 49-67.) The ALJ then issued a decision finding that Plaintiff was not disabled beginning March 31, 2011. (T. 17-29.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-3). Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits her ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform her past relevant work; (5) whether the claimant is able to perform any other work considering her age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

**III. The ALJ's Decision**

In his April 9, 2013, decision the ALJ found that Plaintiff has not been disabled under Section 1614(a)(3)(A) of the Social Security Act since March 31, 2011. (T. 29.) The ALJ made the following specific findings:

(1) The claimant has not engaged in substantial gainful activity since March 31, 2011, the application date (20 CFR 416.971 *et seq.*).

(2) The claimant has crack cocaine abuse/dependence through June 12, 2012 and the following severe impairments beginning June 13, 212; bipolar disorder, history of asthma, and history of seizure disorder (20 CFR 416.920(c)).

(3) The claimant's impairments, including the substance use disorder, meet sections 12.04 and 12.09 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d).

(4) From the alleged onset date of March 31, 2011 through June 12,

2012, substance use disorder is a contributing factor material to the determination of disability, because the claimant was not disabled after she stopped the substance use (20 CFR 416.920(g) and 416.935). Because the substance use disorder is a contributing factor material to the determination of disability, the claimant was not disabled within the meaning of the Social Security Act at any time from the date the application was filed through June 12, 2012.

(5) Beginning June 13, 2012, the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 41.926).

(6) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: avoidance of concentrated exposure to fumes, odors, dusts, gases, and poor ventilation and avoidance of all exposure to hazards (dangerous machinery and heights). In addition, the claimant is able to remember and carry out low-level detailed instructions; maintain concentration, persistence, and pace for low-level detailed tasks over a normal workday with appropriate breaks; relate appropriately to supervisors, peers, and public; and adapt to routine changes in the workplace.

(7) The claimant has no past relevant work (20 CFR 416.965).

(8) The claimant was born on March 28, 1986 and was 25 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

(9) The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

(10) Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

(11) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform, in the absence of substance abuse/dependence (20 CFR 416.969 and 416.969(a)).

(12) The claimant has not been under a disability, as defined in the Social Security Act, since March 31, 2011, the date the application was filed (20 CFR 416.920(g)).

(T. 19-29.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's

decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V.  Analysis[1]

Residual functional capacity is an administrative assessment made by the Commissioner as to what a claimant can still do despite his or her physical or mental limitations.  SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.946(c).  In assessing a claimant's residual functional capacity, the ALJ will consider all of the claimant's medically determinable impairments, including those that are not severe.  20 C.F.R. § 404.1545(a)(2).  The residual capacity assessment is based on the all the relevant medical and other evidence in the record.  20 C.F.R. § 404.1545(a)(3).  In determining a claimant's residual functional capacity, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

function basis. SSR 96-8p. The ALJ's assessment must include a narrative discussion detailing how the evidence in the record supports his or her conclusion. SSR 96-9p.

The ALJ found that Plaintiff had the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: avoidance of concentrated exposure to fumes, odors, dusts, gases, and poor ventilation and avoidance of all exposure to hazards (dangerous machinery and heights). In addition, the claimant is able to remember and carry out low-level detailed instructions; maintain concentration, persistence, and pace for low-level detailed tasks over a normal workday with appropriate breaks; relate appropriately to supervisors, peers, and the public; and adapt to routine changes in the workplace." (T. 25.) Plaintiff contends that the ALJ erred in accessing her RFC because the ALJ failed to include limitations on social functioning despite finding that Plaintiff had moderate limitations in social functioning at step three.

In finding that claimant's substance use disorder met listings 12.04 and 12.09, the ALJ found that Plaintiff had marked difficulties in social functioning. (T. 22.) The ALJ, however, determined that during the period of time in which Plaintiff stopped substance use, Plaintiff had only moderate difficulties in social functioning. (T. 24.) Specifically, the ALJ found "that absent substance

abuse/dependence, the claimant experiences moderate limitations in social functioning." (T. 24.) Despite these earlier findings, the ALJ did not include any limitations as to social functioning in determining Plaintiff's RFC. Instead, the ALJ determined that Plaintiff could "relate appropriately to supervisors, peers, and the public . . . ." (T. 25.)

Although the ALJ's findings at step two and three may not require an RFC that imposes limitations on social functioning, the ALJ must at least provide a sufficient explanation in the decision to allow this Court to determine why no limitations as to social functioning were included in the RFC despite the ALJ's finding that Plaintiff has moderate difficulties in social functioning. See Scruggs v. Colvin, No. 3:14-cv-00466-MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015) ("Because the court is left to guess as to how the ALJ concluded that Plaintiff could perform the relevant functions in light of her mental limitations, the court finds that substantial evidence does not support his decision and that remand is therefore appropriate."); Reinhardt v. Colvin, No. 3:14-cv-00488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015); Salmon v. Colvin, No. 1:12CV1209, 2015 WL 1526020, at *3 (M.D.N.C. Apr. 2, 2015). As the United States Court of Appeals for the Fourth Circuit recently stated in Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015):

> Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. See id. at 1181. But because the ALJ here gave no explanation, a remand is in order.

See also Reinhardt, 2015 WL 1756480, at *3 ("While the court agrees with the Commissioner's argument that the fact that the ALJ found mild limitations in the paragraph B criteria does not necessarily translate to a work-related functional limitation, Mascio clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations when plaintiff's RFC for work is considered.")

Similarly, the ALJ provided no explanation in the decision as to why Plaintiff's moderate limitations as to social functioning do not translate into a limitation in Plaintiff's RFC. The decision of the ALJ should make clear to this Court that the ALJ considered Plaintiffs limitations as to social functioning in determining Plaintiff's RFC. This is especially true in this case because the ALJ also determined that Plaintiff has marked difficulties in social functioning during periods of substance abuse. Some explanation by the ALJ as to why Plaintiff's limitations as to social functioning do not translate into work related limitations for purposes of Plaintiff's RFC is necessary before this Court can conduct meaningful

review of the decision. Accordingly, the Court finds that remand is required.[2] The Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion [# 11] and **REMAND** this case for further proceedings.

VI. **Conclusion**

The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 15], **GRANT** Plaintiff's Motion for Summary Judgment [# 11], and **REMAND** this case for further proceedings consistent with this Memorandum and Recommendation.

Signed: May 28, 2015

*[signature]*

Dennis L. Howell
United States Magistrate Judge

---

2 The ALJ should also be mindful on remand as to Plaintiff's other assignment of error that the ALJ failed to properly consider the medical records related to Plaintiff's history of mental impairments.

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).